Thank you, Your Honors. Good morning. Good afternoon, Your Honors. John Horvath, representing the Appellants. May it please the Court. This is a relatively straightforward case of a breach of an insurer's obligation to provide a defense to its insured under a liability policy. The District Court appropriately reviewed the four corners of the underlying complaint and reviewed the four corners of the insurance policies, but unfortunately came to the wrong decision. In coming to its decision that the underlying complaint did not allege an accident which would trigger the obligation to provide a defense, the Court relied primarily, if not solely, on the allegations of paragraph 11 of the underlying complaint, which state that the defendants, all of the defendants, agreed, conspired, planned, and engaged in the release and sale to third parties of plaintiff's goods and food products that were stored in the warehouse without the knowledge or consent of the plaintiff. The underlying complaint is in two counts. Count 1 is a breach of contract count solely against the warehouse, PlayArt. The allegations preceding count 1 allege the existence of a contract between PlayArt and the plaintiff, Marcus, and in that agreement, the warehouse, PlayArt, is supposed to store the goods and only release the goods at the direction of Marcus. In the breach of contract count, it's very telling. Paragraph 15, plaintiff alleges that PlayArt's acts and omissions as alleged above, including but not limited to the wrongful release of plaintiff's goods and food products, constitute a breach of contract. The wrongful release is one of the elements of the breach of contract, if not the primary element of the breach of contract. What is a wrongful release? In public warehousing, wrongful releases occur regularly. A warehouse operator may get a call from the customer saying to release 10 pallets of a particular product, product A, to this customer of mine. And the warehouse, due to its negligence, may release nine pallets of that product, but one pallet of another product that they inadvertently put onto the outbound truck. Right, but it's very clear that the gravamen of the complaint is that you've got deliberate theft going on. That's the earlier paragraph that you just read us. Your Honor, I respectfully disagree that it's clear that it's a theft going on. Well, it may or may not have been a theft, but that's the allegation in paragraph 11. Paragraph 11. It has a stronger position than simply the breach of contract. And, of course, if there is a theft going on, given the contractual obligation of the warehouse, that's a breach of contract. Depending on who's doing the thieving, Your Honor. But the allegation in count one against the warehouse. Typically, if you're in a bailment situation, it doesn't matter who did it. It matters that you can't deliver. It's not safekeeping. I assume this is essentially a bailment contract. It is a bailment, Your Honor. So when you say, depending on who did it, I don't think so. Meaning, my guess is the contractual obligation is violated if I can't deliver the goods upon appropriate demand, irrespective of how it might happen. But paragraph 11 gives us a very specific, you guys were victims of theft. Again, Your Honor, I respectfully disagree that that paragraph 11 creates the complete theft, states that it's theft completely. In order for theft, there has to be an intent to deprive the owner of the goods themselves. And that's not alleged in this complaint in any place, Your Honor. And specifically in count one, the breach of contract count, as long as any claim in the complaint, the underlying complaint is covered by, arguably covered by the policy, the duty to defend the entire complaint is triggered. And that's what happened here because they've alleged that the duty to release the goods at the direction of the plaintiff, Marcus, in the underlying case, was breached by the warehouse. Did you have E&O insurance? No, no E&O insurance, Your Honor. Warehouse legal liability insurance. And that's what the Catlin policy is. And that's what Bailey is. Occurrences and accidents. Your Honor. Which protects against occurrence and accidents. Correct, Your Honor. So you're trying to bend this into an occurrence or an accident. It is an occurrence or accident, Your Honor. Because you say so. Well, the allegations of the underlying complaint say it. The underlying complaint, count one is a... It's a conspiracy to divert. Pardon me? The allegation is a conspiracy to divert, to steal, to divert. Count one, count one, among other things, is a wrongful release of the goods. And wrongful release, as I say, occurs in a warehouse on a regular basis. That doesn't make it an occurrence. Due to negligence. Let me ask it this way. Assume that the only allegation of wrongdoing in the complaint was the allegation contained in paragraph 11. Yes, Your Honor. Do you still have a cause of action against the insurance company? Yes, Your Honor. Because? Doesn't the allegations of count 11 do not indicate that the warehouse released or conspired or whatever to deprive the customer of the goods? There's nothing to indicate that there was an intention by the warehouse to deprive the customer of the goods. Well, if you give it out to the wrong person, you're depriving the customer of the goods. And that can be done negligently, Your Honor. But, you see, paragraph 11 says, agreed, conspired, planned, and engaged to release without permission. None of that sounds like negligence. That sounds like deliberate action. It agreed the goods are not going to get out of the warehouse unless there's an agreement. And as I pointed out with the release of the nine pallets of product that they're supposed to release and one pallet of product that they weren't supposed to release, there was an agreement that the warehouse would release that product within the warehouse. And that's due to negligence. It's not due to any intentional action. Yeah, but that's your hypothetical. I'm looking at what 11 alleges. 11 says all the defendants agreed, conspired, planned, and engaged. That sounds like deliberate, wrongful action. Yes, Your Honor, it sounds like it. But based on the cases that we've provided the court, there is a duty to defend. Do you want to hear from the other side? Yes, Your Honor. Good afternoon, Your Honors. Counsel, may it please the Court. My name is Jack Hsu. I represent Plaintiff Appley Catlin. The district court correctly granted summary judgment in favor of Catlin. Catlin does not have a duty to defend the underlying complaint filed by Marcus Foods because the Marcus Foods complaint does not allege an accident. The complaint only alleges intentional conduct resulting in an expected and foreseeable consequence. Specifically... Mr. Hsu, would it have made a difference if the allegation was of negligent misdelivery? We don't believe so because... There would not have been an accident or occurrence. Under the factual allegations, one looks first and primarily to the factual allegations contained in the complaint rather than how... Suppose Marcus had alleged in the complaint that through negligence the warehouse delivered the goods to the wrong person and now he can't have his goods. Would the warehouse recover from the insurance company contending that the negligence was an accident? Possibly if the factual allegations in the complaint bore out a situation that constituted an allegation of negligence. But simply using a label or a title of negligence where your actual facts, as in this case, indicate intentional conduct resulting in an expected or foreseeable result would not trigger the duty to defend. The complaint specifically alleges that defendants agreed, conspired, planned, and engaged in the release of Marcus Foods product and sale of Marcus Foods product without its consent, knowledge, or authorization. The complaint also alleges that as a direct and proximate result of this conduct, Marcus Foods was damaged by the unauthorized release of the product. From these allegations, the district court correctly found that the complaint did not allege an accident because not only did defendants conspire to release Marcus Foods product without its consent, knowledge, or authorization, but the complaint also alleged that the defendants in fact achieved their intended goal. This is not an accident. The phrase agreed, conspired, planned to release Marcus Foods product without its consent, authorization, and knowledge, that phrase articulates not only intentional conduct in the very act of agreeing, conspiring, planning, but it also denotes an intended purpose or objective. In this case, the release of the goods without Marcus Foods consent, knowledge, and authorization. There is no room for an accident in the words agree, conspire, plan. One cannot plan an accident. One cannot conspire an accident. One cannot agree to an accident. Accidents, by their very definition, are unplanned, unexpected, fortuitous. In contrast, one can agree to a course of action, conspire to commit a crime, plan to do something with an intended purpose in mind, and in this case, as alleged in the complaint, it was the release of product without Marcus Foods consent, authorization, or knowledge. The way you've got a belt and suspenders in this policy, that if you've got the definition of occurrence, you also have an exclusion. That's correct. The exclusion excludes liability for- I believe it's for property- Your dishonesty to the insured or any person in the employment of the insured, and at least one of the defendants isn't the employee of the insured. Is that right? I believe so, yes. That's not the main thrust of our argument or what the district court found when it found there was no duty to defend, but certainly there are applicable exclusions in this case. That's what I mean by belt and suspenders. I think either one of the two is plausible argument on your behalf. Yes, Your Honor. In sum, Catlin has no duty to defend if the factual allegations of the complaint, whether true, false, or fraudulent, allege an accident. No accident was alleged in this case, therefore there is no duty to defend in the first instance. Catlin respectfully requests that this court affirm the district court's grant of summary judgment in Catlin's favor. If there are any questions I would ask that I would submit. Thank you. Your Honor, your Honor, basically all I've got to say is that Paragraph 15, Count 1, the breach of contract, makes a distinction between the claims in Paragraph 11 and the wrongful release of the goods, which constitutes the breach of the agreement. And that wrongful release of the goods is not identified as something that was intentional or intended to cause damage or injury to the plaintiff in the underlying lawsuit. And wrongful release, as I pointed out, can be something that's simply negligent. And I have nothing further, Your Honor. Okay. Thank you. Thank you very much. Catlin, underwriting versus San Diego Refrigerator Services, submitted for decision. Thank you for bearing with us for a long morning. We're now adjourned. All rise. The wind-up was too fast for me. Thank you. This court is adjourned.
judges: Hellerstein, Farris, Fletcher